UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| NOELL DEL ROSSI, individually and on behalf of all similarly-situated individuals, | : : : : | Case No.: |
|---|---|---|
| *Plaintiff,* | : : | CLASS ACTION COMPLAINT |
| v. | : : | |
| FORMAN MILLS, INC. | : : | |
| *Defendant.* | : : | |

## INTRODUCTION

On or about June 6, 2023, Forman Mills, Inc. ("Defendant") terminated the employment of Noell Del Rossi ("Plaintiff") and more than 50 (fifty) other employees who worked at its Pennsauken, New Jersey location. Defendant's termination of these employees constituted 33% or more of the workforce at that site of employment. Defendant provided written notification of the termination, which was effective immediately. The notice provided by Defendant stated that, "[b]ased on the economic circumstances and operational needs of the business, your position has been eliminated." Defendant's written notice also stated that, "[u]nfortunately, given the economic circumstances of the business there will not be severance paid at this time."

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Federal WARN claim pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

2. This Court has jurisdiction over the New Jersey WARN claim, N.J. Stat. § 34:21-1 *et seq.*, pursuant to 28 U.S.C. § 1367 because it is so related to the federal WARN claim in its original jurisdiction that both claims form part of the same case or controversy.

3. Plaintiff brings this claim for violation of the Federal WARN Act, 29 U.S.C. § 2101 *et. seq.* and New Jersey WARN Act, N.J. Stat. § 34:21-1 *et seq.*, (collectively "WARN Acts") on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), and Fed. R. Civ P. 23(a).

4. Venue is proper pursuant 28 U.S.C. § 1391(b) because Defendant resides here and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

5. Plaintiff is an adult female who resides in Burlington County, New Jersey. Plaintiff worked for Defendant on a full-time basis from September 13, 2021 until June 6, 2023.

6. Defendant is a Delaware for-profit corporation that is registered with the New Jersey Division of Revenue and Enterprise Services under the entity identification number 0100438815.

7. Defendant's corporate headquarters are located at 1070 Thomas Busch Memorial Highway, Pennsauken, NJ 08110.

## CLASS ACTION ALLEGATIONS

8. Plaintiff worked in Defendant's corporate office in Pennsauken, New Jersey (the "Facility").

9. On June 6, 2023, Plaintiff and the other employees who worked at the Facility were notified by Defendant that their employment was terminated, effective immediately.

10. Plaintiff brings Count I on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) who worked at, reported to, or received assignments from Defendant's Facility and were terminated without cause beginning on or about June 6, 2023, and within 30 days of that date, or were terminated without cause as the

reasonably foreseeable consequence of the mass layoff and/or plant closing ordered ("Federal WARN Class").

11. Plaintiff brings Count II on behalf of herself and on behalf of all other similarly situated former employees, pursuant to *N.J.S.A*. 34:21-1, *et seq*, who worked at, reported to, or received assignments from Defendant in New Jersey and were terminated without cause beginning on or about June 6, 2023, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff, termination of operations, and/or transfer of operations ordered. (the "NJ WARN Class" and together with the Federal WARN Class, the "WARN Classes"). The persons in the WARN Classes identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

12. Defendant employed and/or employs more than 130 people in the State of New Jersey.

13. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

14. Common questions of law and fact exist as to members of the WARN Classes, including, but not limited to, the following:

    a. whether the members of the WARN Classes were employees of Defendant who worked at or reported to Defendant in New Jersey and/or at Defendant's Facility;

b. whether Defendant unlawfully terminated the employment of the members of the Federal WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the Federal WARN Act;

c. whether Defendant unlawfully terminated the employment of the members of the NJ WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the New Jersey WARN Act;

d. whether Defendant can prove that any exemptions under the Federal or New Jersey WARN Acts apply;

e. whether Defendant unlawfully failed to pay the Federal WARN Class members 60 days wages and benefits as required by Federal WARN Act;

f. whether Defendant unlawfully failed to pay the NJ WARN Class members one week of pay for each year of service as required by the New Jersey WARN Act; and,

g. whether Defendant unlawfully failed to pay the NJ WARN Class members an additional four weeks of pay for not providing the requisite 90-day notice required by the New Jersey WARN Act.

15. Plaintiff's claims are typical of those of the WARN Class Members.

16. Plaintiff, like other WARN Class Members, worked at Defendant's Facility in New Jersey and was terminated without cause beginning on or about June 6, 2023, due to the mass layoff, termination of operations, and/or transfer of operations in New Jersey ordered by Defendant.

17. Plaintiff will fairly and adequately protect the interests of the WARN Class Members as the representative. Plaintiff has retained counsel competent and experienced in

complex class actions, especially employment litigation.

18. On or about June 6, 2023, Defendant terminated Plaintiff's employment as part of a mass layoff as defined by 29 U.S.C. § 2101(a)(2), (3) of Federal WARN Act, for which the WARN Class Members were entitled to receive 60 days advance written notice.

19. Defendant's June 6, 2023 termination of WARN Class Members' employment failed to provide them with the 90-day notice required under *N.J.S.A*. 34:21-1, et. seq.

20. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class Members predominate over any questions affecting only individual members of the WARN Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

21. Class certification will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The WARN Classes are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the WARN Classes would create the risk of inconsistent or varying adjudications with respect to individual WARN Class Members that would establish incompatible standards of conduct for Defendant.

22. A class action is further superior to other available methods for adjudication of this controversy in that joinder of all members is impractical. Furthermore, the amounts at stake for many of the WARN Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

23. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and WARN Class Members. Plaintiff envisions no difficulty in the management of this action as a class action.

24. Plaintiff intends to send notice to all members of the WARN Classes to the extent required by Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I

## VIOLATION OF THE FEDERAL WARN ACT

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. A "mass layoff" means a reduction in force which is not the result of a transfer or termination of operations and results in employment loss at an establishment during any 30-day period for 50 or more of the employees at or reporting to the place of employment. 29 U.S.C. § 2101(a)(3).

28. At all relevant times, Defendant was an "employer," within the meaning of 29 U.S.C. § 2101(a)(1).

29. Plaintiff and each WARN Class Member are "aggrieved employees" of Defendant as defined in 29 U.S.C. § 2104 (a)(7).

30. Defendant continued to operate its business until it decided to order a mass layoff at the Facility.

31. On or about June 6, 2023, Defendant ordered a mass layoff at the Facility which

resulted in the loss of employment of more than 50 individuals.

32. Defendant's mass layoff or plant closing at the Facility resulted in "employment losses," as defined by 29 U.S.C. §2101(a)(2).

33. At least 50 of Defendant's employees as well as thirty-three percent (33%) of Defendant's full-time workforce at the Facility, as defined by 29 U.S.C. § 2101(a)(8), were terminated.

34. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

35. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36. Plaintiff and the WARN Class Members have suffered damages by Defendant's failure to comply with the Federal WARN Act's requirements.

## COUNT II

### VIOLATION OF THE NEW JERSEY WARN ACT

37. Plaintiff realleges and incorporates Paragraphs 1 through 24 as if full set forth herein.

38. Under the NJ WARN Act, a "mass layoff" means a reduction in force which is not the result of a transfer or termination of operations and which results in the termination of employment at an establishment during any 30-day period for 50 or more of the employees at or reporting to the place of employment. *N.J.S.A*. 34:21-1.

39. At all relevant times, Defendant was an "employer," within the meaning of the NJ WARN Act.

40. The NJ WARN Act requires employers to provide each employee whose employment is terminated severance pay that is equal to one week of pay for each full year of employment. *N.J.S.A.* 34:21-2(b).

41. The NJ WARN Act states that if an employer provides any employee with less than 90 days of notification, the employer shall provide that employee with an additional four weeks of pay. *N.J.S.A.* 34:21-2(b).

42. Defendant failed to provide Plaintiff and the WARN Class Members with the 90-days written notice that is required by the NJ WARN Act under *N.J.S.A.* 34:21-2(b).

43. Defendant failed to provide Plaintiff and the WARN Class Members with the severance payment and an additional four weeks of pay that is required under the NJ WARN Act.

44. Plaintiff and the WARN Class Members have suffered damages by Defendant's failure to comply with the NJ WARN Act's requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

B. Notice to the putative WARN Class Members pursuant to Fed. R. Civ. P. 23;

C. Designation of the Plaintiff as Class Representative on behalf of the WARN Classes;

D. Appointment of the undersigned attorneys as Class Counsel for the WARN Classes;

E. A judgment against Defendant in favor of the Plaintiff and the Federal WARN Class Members in an amount equal to the sum of their unpaid wages, salary,

commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other benefits for a 60 day period that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and,

F. A judgment against Defendant in favor of the Plaintiff and the NJWARN Class Members an amount equal to the damages provided by *N.J.S.A*. 34:21-2(b).

**Morgan Rooks, P.C.**

*/s/* Franklin J. Rooks, Jr.
Franklin J. Rooks, Jr., Esquire
NJ Attorney ID: 023802010
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com

**Goodley McCarthy LLC**

/s/ James E. Goodley
James E. Goodley
NJ Attorney ID: 048572013
james@gmlaborlaw.com
Ryan P. McCarthy
NJ Attorney ID: 219022016
ryan@gmlaborlaw.com
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 394-0541

*Attorneys for Plaintiff and the WARN Class*