**COZEN O'CONNOR, P.C.**
*A Pennsylvania professional corporation*
By: Jason A. Cabrera (NJ 077342013)
1010 Kings Highway South
Cherry Hill, NJ 08034
Phone: 215-665-7267
*Attorneys for Defendants Goode Partners LLC, Goode Forman Holdings LLC, and Good Heavyweight Co-Invest LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOELL DEL ROSSI, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORMAN MILLS, INC.;<br>GOODE PARTNERS LLC;<br>GOODE FORMAN HOLDINGS LLC;<br>GOODE HEAVYWEIGHT CO-INVEST LLC and TOBIAS KELLER,<br><br>Defendants. | Civil Action No. 1:23-cv-03136-CPO-AMD |

**DECLARATION OF JASON A. CABRERA**

I, Jason A. Cabrera, do declare as follows:

1. I am counsel of record for Defendants Goode Partners LLC ("Goode Partners"), Goode Forman Holdings LLC ("Goode Forman"), and Goode Heavyweight Co-Invest LLC ("Goode Heavyweight") (collectively, the "Goode Defendants") in the above-captioned matter. I am personally familiar with the facts and documents described in this declaration.

2. On or around November 13, 2024, the Goode Defendants served a set of interrogatories and document production requests on Plaintiffs Noell Del Rossi ("Del Rossi") and Dawn Barber ("Barber") (collectively, "Plaintiffs"). On or around January 6, 2025, Plaintiffs responded to those discovery requests.

3. Attached as Exhibit A to this declaration is Del Rossi's response to the interrogatories sent from Goode Defendants to her, along with the signed verification by Del Rossi.

4. Attached as Exhibit B to this declaration is Barber's response to the interrogatories sent from Goode Defendants to her, along with the signed verification by Barber.

5. Barber's document production to the Goode Defendants was Bates-stamped DBP0001 to DBP0033. The first three pages of this document production (DBP001 to DBP003) consisted of text messages sent on or around June 8, 2023 about this lawsuit being filed. The next two pages of this production (DBP004 to DBP005) appear to be LinkedIn messages between Barber and Del Rossi. The remainder of this production are pages from Goode Partners' Form ADV Part 2 Brochure.

6. Del Rossi's document production to the Goode Defendants was Bates-stamped NDR0001 to NDR00085. The first three pages of this document production (NDR001 to NDR003) consisted of text messages sent on or around June 8, 2023 with Dawn Barber. The next two pages of this production (NDR004 to NDR005) appear to be LinkedIn messages between Barber and Del Rossi. The next two pages are LinkedIn messages shortly after the lawsuit was filed with two former Forman Mills employees, followed by an email exchange with one of those employees sharing notice that the lawsuit was filed, and then text message communications with one person about Forman Mills offering jobs back to affected employees. The remainder of the production were other documents that did not contain communications from Del Rossi to class members.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Jason Cabrera

Jason A. Cabrera (NJ 077342013)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOELL DEL ROSSI, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORMAN MILLS, INC.;<br>GOODE PARTNERS LLC;<br>GOODE FORMAN HOLDINGS LLC;<br>and GOODE HEAVYWEIGHT CO-INVEST LLC,<br><br>Defendants. | Civil Action No. 2:23-cv-03136-CPO-AMD |

**PLAINTIFF DEL ROSSI'S RESPONSES TO GOODE DEFENDANTS' FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION <u>REQUESTS</u>**

<u>INTERROGATORIES</u>

1. Please identify each employer you have had since January 1, 2023 to the present. For each employer listed, please list the dates you were/are employed and the job title(s) you had.

**ANSWER: Forman Mills: Merchandise Assistant, promoted to Assistant Buyer 9/13/2021-8/8/2024. eLocal: Customer Success Specialist 8/12/24 - Present.**

2. Please describe all efforts that you took to mitigate your alleged damages in this case.

**ANSWER: Objection. Mitigation efforts are inapplicable. This is not a wrongful termination claim.**

3. Please identify all amounts paid to you (whether as wages, severance, bonus, or otherwise) by Forman Mills from January 1, 2023 through to the present.

**ANSWER: Objection. Plaintiff is no longer employed by Forman Mills and all relevant payroll information is within Forman Mill's possession and control.**

4. Please identify the names of all Class Members with whom you have discussed this lawsuit, the claims that you planned to file in this lawsuit, or the claims that you asserted in this lawsuit. For each person identified, please identify the dates of your communications.

**ANSWER: Plaintiff cannot recall the dates in which she had any communications except that said communications occurred after June 6, 2023. See document production.**

5. If you do not currently work for Forman Mills, please explain why (voluntary resignation; involuntary termination; etc.) and state the last date that you performed work for Forman Mills (and the date your employment ended, if different than the last day of work).

**ANSWER: Voluntary resignation. Last day of employment 8/8/2024.**

6. Do you have any knowledge or awareness of any steps taken by Forman Mills executives, officers, or employees to obtain financing, sell company assets, or take other action to avoid or prevent the reduction in force that occurred on June 6, 2023? If yes, please explain what you know or are aware of. If not, please state that you have no such knowledge/awareness.

**ANSWER: No such knowledge/awareness.**

7. When was the last date/time you visited the Forman Mills location in Pennsauken where you worked?

**ANSWER: Objection. Plaintiff did not "visit" Forman Mills location in Pennsauken. She reported to work. Her last date of employment was 8/8/2024.**

8. What is the amount of wages or severance pay that you believe you are owed as a result of the reduction-in-force occurring on June 6, 2023?

**ANSWER: Plaintiff refers to the damage calculation spreadsheet produced by her attorneys.**

9. At paragraphs 44, 51, 53, 54, 58, 60 in the Second Amended Complaint, you made various allegations "upon information and belief." Please identify the facts, information, and/or beliefs that you had, as of July 10, 2024, to support of each of the allegations made in paragraphs 44, 51, 53, 54, 58, and 60.

**ANSWER: Plaintiff was generally aware that Goode Partners had an ownership interest in Forman Mills and heard that Goode Partners was involved in managing Forman Mills.**

10. Please identify the factual basis on which you allege, in paragraph 61(c) of the Second Amended Complaint, that Forman Mills, Inc. and "the Goode Defendants were a single employer and an integrated enterprise."

**ANSWER: Forman Mills and Goode Partners, LLC acted as a single employer. Goode Partners purchased Forman Mills from the original owner Rick Forman.**

<u>DOCUMENT PRODUCTION REQUESTS</u>

1. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and Dawn Barber from on or after January 1, 2023 through and including June 6, 2023.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, see**



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

**VERIFICATION**

I, Noell Del Rossi ______________________________ , based on reasonable inquiry, that the foregoing answers to Goode Defendant's First Set of Interrogatories Directed to Plaintiff are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Noell Del Rossi
______________________________
SIGNATURE

01 / 03 / 2025
______________________________
DATE



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOELL DEL ROSSI, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORMAN MILLS, INC.;<br>GOODE PARTNERS LLC;<br>GOODE FORMAN HOLDINGS LLC; and<br>GOODE HEAVYWEIGHT CO-INVEST LLC,<br><br>Defendants. | Civil Action No. 2:23-cv-03136-CPO-AMD |

**PLAINTIFF BARBER'S RESPONSES TO GOODE DEFENDANTS' FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION REQUESTS**

INTERROGATORIES

1. Please identify each employer you have had since January 1, 2023 to the present. For each employer listed, please list the dates you were/are employed and the job title(s) you had.

**ANSWER: Forman Mills, Jan 1,2023 - Aug 2,2024 (data entry specialist); Olympic Tool & Machine Corp, Aug 5, 2024 - present (shipping coordinator).**

2. Please describe all efforts that you took to mitigate your alleged damages in this case.

**ANSWER: Objection. Mitigation efforts are inapplicable. This is not a wrongful termination claim.**

3. Please identify all amounts paid to you (whether as wages, severance, bonus, or otherwise) by Forman Mills from January 1, 2023 through to the present.

**ANSWER: Objection. Plaintiff is no longer employed by Forman Mills and all relevant payroll information is within Forman Mill's possession and control.**

4. Please identify the names of all Class Members with whom you have discussed this lawsuit, the claims that you planned to file in this lawsuit, or the claims that you asserted in this lawsuit. For each person identified, please identify the dates of your communications.

**ANSWER: Plaintiff cannot recall the dates in which she had any communications except**

**that said communications occurred after June 6, 2023.**

5. If you do not currently work for Forman Mills, please explain why (voluntary resignation; involuntary termination; etc.) and state the last date that you performed work for Forman Mills (and the date your employment ended, if different than the last day of work).

**ANSWER: Voluntary resignation. Felt the need to move on. Last day worked was July 31, 2024. Employment ended on August 2, 2024.**

6. Do you have any knowledge or awareness of any steps taken by Forman Mills executives, officers, or employees to obtain financing, sell company assets, or take other action to avoid or prevent the reduction in force that occurred on June 6, 2023? If yes, please explain what you know or are aware of. If not, please state that you have no such knowledge/awareness.

**ANSWER: No such knowledge.**

7. When was the last date/time you visited the Forman Mills location in Pennsauken where you worked?

**ANSWER: Objection. Plaintiff did not "visit" Forman Mills location in Pennsauken. She reported to work. Plaintiff's last date of employment was August 2, 2024.**

8. What is the amount of wages or severance pay that you believe you are owed as a result of the reduction-in-force occurring on June 6, 2023?

**ANSWER: Plaintiff refers to the damage calculation spreadsheet produced by her attorneys.**

9. At paragraphs 44, 51, 53, 54, 58, 60 in the Second Amended Complaint, you made various allegations "upon information and belief." Please identify the facts, information, and/or beliefs that you had, as of July 10, 2024, to support of each of the allegations made in paragraphs 44, 51, 53, 54, 58, and 60.

**ANSWER: See DBP006-0033.**

10. Please identify the factual basis on which you allege, in paragraph 61(c) of the Second Amended Complaint, that Forman Mills, Inc. and "the Goode Defendants were a single employer and an integrated enterprise."

**ANSWER: Forman Mills and Goode Partners, LLC were a single employer. Goode Partners purchased Forman Mills from the original owner Rick Forman.**

<u>DOCUMENT PRODUCTION REQUESTS</u>

1. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and Dawn Barber from on or after January 1, 2023 through and including June 6, 2023.



Doc ID: c6f52d71cc62481e030e9c0ca27daa2b78500174

**VERIFICATION**

I, Dawn Barber, based on reasonable inquiry, that the foregoing answers to Goode Defendant's First Set of Interrogatories Directed to Plaintiff are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SIGNATURE

01 / 06 / 2025

DATE



Doc ID: c6f52d71cc62481e030e9c0ca27daa2b78500174