**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **NOELL DEL ROSSI, *et al.*, individually and on behalf of all similarly-situated individuals,** | : | **CIVIL ACTION NO.: 1:23-cv-03136** |
| ***Plaintiffs,*** | : | **CLASS ACTION** |
| **v.** | : | |
| **FORMAN MILLS, INC., *et al.*** | : | |
| ***Defendants.*** | : | |

**<u>PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

In accordance with Federal Rule of Civil Procedure 56(c), Plaintiffs, by undersigned counsel, respectfully submit the following Statement of Undisputed Material Facts:

1. Plaintiffs Noell Del Rossi ("Plaintiff Del Rossi"), Dawn Barber ("Plaintiff Barber") and approximately 117 other individuals were employed by Defendant Forman Mills, Inc. ("Forman Mills") at its Pennsauken, New Jersey corporate headquarters. **Del Rossi Dec. 1**[1] **¶3**; **Barber Dec. 1**[2] **¶3.**

2. At a June 6, 2023 meeting, Plaintiffs and approximately 87 other employees at Forman Mills' corporate headquarters first learned that their employment was terminated, effective immediately. **Del Rossi Dec. 1 ¶4**; **Barber Dec. 1 ¶4**.

3. Shortly after the meeting concluded Forman Mills circulated an email to the terminated employees which stated, "[b]ased on the economic circumstances and operational

---

[1] "Del Rossi Dec. 1" refers to the October 5, 2023 Declaration of Noell Del Rossi. **ECF No. 23-2.**

[2] "Barber Dec. 1" refers to the October 5, 2023 Declaration of Dawn Barber. **ECF No. 23-3.**

needs of the business, your position has been eliminated." Forman Mills' email to the terminated employees also stated that, "[u]nfortunately, given the economic circumstances of the business there will not be severance paid at this time." **DelRossi Decl. 1, Ex. A, "Termination Email"**.

4. Forman Mills' email concluded by providing the terminated employees with contact information for "State Unemployment Offices," which included New Jersey, Pennsylvania, Maryland, New York, and several other states. *Id*.

5. The terminated employees were informed that they had to return all company-issued equipment, including laptops, printer/scanners, building access cards, any other items that they were provided. Forman Mills informed the terminated employees that they would be receiving their final paycheck in accordance with the normal payroll cycle. *Id*.

6. At the time of the mass termination, Forman Mills informed the employees that no decisions had been made with respect to a bankruptcy filing. *Id*.

7. After the termination of the 89 employees at Forman Mills' corporate office, 31 employees remained employed at the corporate office, which continued operations. There was thus no shutdown. **Ex. 7, Dep. Trans. of Kevin Hess ("Hess Dep."), p. 115, ln. 16-25; p. 144, ln. 19-21.**

8. Forman Mills had not sold its business or otherwise informed its employees that a successor organization had been identified. See **Ex. A to DelRossi Decl. 1** (FAQs).

9. Defendant Goode Partners, LLC is a New York based private equity firm. **Ex. 6, Dep. Trans. of David Oddi ("Oddi Dep."), p. 12, ln. 13-22.**

10. The principals of Defendant Goode Partners LLC are Daniel Bonoff, David Oddi, and Joe Ferreira; David Oddi is the managing member. **Oddi Dep., p. 12, ln. 8-11; p. 13, ln. 8-16; p. 14, ln. 2-6.**

11. Prior to the mass layoff in this case, Defendant Goode Partners LLC created an investment vehicle, Goode Partners Consumer Fund III, LP, which acquired Forman Mills. **Oddi Dep., p. 17, ln. 4-22; p. 27, ln. 8-15.**

12. Goode Partners Consumer Fund III LP had a general partner and limited partners; the general partner of Goode Partners Consumer Fund III LP was Goode Investors III, LP. **Oddi Dep., p. 19, ln. 3-10.**

13. The owners of Goode Investors III, LP consisted of the principals of Defendant Goode Partners, LLC – Daniel Bonoff, David Oddi, and Joe Ferreira. **Oddi Dep., p. 19, ln. 11-16.**

14. The general partner of Goode Partners Consumer Fund III LP, Goode Investors III, LP made all made "all ultimate investment decisions" for Goode Partners Consumer Fund III LP and possessed authority to act on the fund's behalf. **Oddi Dep., p. 21, ln. 6-10.**

15. Defendant Goode Partners LLC receives management fees for its management of the investments that are held by the Goode Partners Consumer Fund III LP. **Oddi Dep., p. 15, ln. 16-25; p. 16, ln. 1-5.**

16. Defendant Goode Partners LLC provided advisory services to Forman Mills. **Oddi Dep., p. 89, ln. 3-25; p. 90, ln. 1-7.**

17. Goode Partners Consumer Fund III LP operated without any employees and no physical office of its own, though it received correspondence at Goode Partners LLC's address. **Oddi Dep., p. 61, ln. 5-13.**

18. During all relevant time periods, David Oddi was the president of Forman Mills, Inc. ***Id*., p. 38, ¶4-8**.

19. The Goode Defendants appointed and controlled the board of directors of Forman Mills. **Ex. 9, FM-006267 to 006275 (Independent Director Agreement); Oddi Dep., p. 103-105.**

20. The Goode Defendants facilitated the installation of Mike Kvitko to serve as Forman Mills' chief executive officer. ***Id*., p. 91, ln. 15-21**.

21. The Goode Defendants, through the Goode Consumer Fund III, infused additional capital into Forman Mills because of liquidity issues. ***Id*., p. 70, ln. 5-25; p. 71, ln. 1-17**.

22. Goode Defendants caused the removal of Forman Mills' entire board on May 24, 2023. ***Id*., p. 150, ln.18-25; p. 170, ln.18-23.**

23. Goode Defendants unilaterally replaced the Forman Mills board with a sole director, co-Defendant Tobias Keller. ***Id*., p. 150, ln. 4-6; p. 156, ln. 3-25.**

24. Goode Defendants, through the Goode Consumer Fund III indemnified Tobias Keller against any potential WARN liabilities. ***Id*., p. 160, ln. 1-20.**

25. On June 6, 2023, after being installed as the sole director on Forman Mills' board, Mr. Keller terminated the employment of 89 out of 120 staff at Forman Mills' Pennsauken corporate office. **Hess Dep., p. 105, ln. 6-25; p. 106, ln. 1; p. 176, ln. 7-11**; **Oddi Dep., p. 170, ln. 18-23; Ex. 8, Dep. Trans. of Tobias Keller ("Keller Dep."), p. 53, ln. 23-25; p. 54, ln. 1; p. 54, ln. 4**; **ECF No. 96-1, Keller Decl. at ¶17-18.**

<u>Common Ownership</u>

26. At the time of the mass layoff, each of the Goode Defendants were under common ownership with Forman Mills, via Goode Partners' principals/members David Oddi, Daniel Bonoff, Joe Ferreira and Keith Miller. Mr. Oddi testified as Rule 30(b)(6) designee of Goode Partners, that Forman Mills (the portfolio company) was owned by Forman Mills

Holdings, LLC, which in turn was owned by Goode Consumer Fund III LP, which in turn was owned by Goode Investors III, LP, which in turn was approximately 90% owned by Goode Partners principals Oddi, Bonoff, Ferreira, and Miller, with the remaining 10% owned by employees of Goode Partners. **Oddi Dep., pp. 12:8 - 20:6**.

Common Directors/Officers

27. The Goode Defendants and Forman Mills had common board members and officers. For example, Goode Partners principals Oddi, Bonoff and Ferreira were each board members of Forman Mills. **Hess Dep., pp. 43:5-10; pp. 46:4-10**. Oddi also served as the president of Forman Mills and Forman Mills Holdings, LLC. **Oddi Dep. pp. 37:14 - 38:1-8**.

Exercise of Control

28. Goode Partners managed Goode Partners Consumer Fund III, LP (an indirect owner of Forman Mills) and received a management fee from this fund for providing same. **Oddi Dep. pp. 25:15-18**.

29. Goode Partners provided advisory services to Forman Mills by helping them: reviewing financial performance, developing financial budgets, interfacing on Forman Mills' behalf with the lenders to provide the analyses these lenders required, and developing reporting procedures. **Oddi Dep. pp. 87:11-23**.

30. Goode Partners facilitated the placement of executives at Forman Mills. **Oddi Dep. pp. 91:6 – 92:3.**

31. Goode Partners controlled the board of directors. On May 24, 2023, David Oddi, as president of Goode Heavyweight Co-Invest LLC and of Goode Forman Mills Holdings LLC, acted with written consent of the sole shareholder of Forman Mills to remove all of the members

of the board of directors of Forman Mills Holdings, LLC. **Oddi Dep. pp. 149:11 to 150:21; Ex. 10, FM-003128 to FM-003129**.

32. Kevin Hess, the CFO of Forman Mills had weekly conversations with Oddi concerning store performance in 2023. **Hess Dep. pp. 17:22-25 - pp. 18:1-19**.

33. Hess had weekly conversations with Joe Ferreira, a principal of Goode Partners, concerning store performance in 2023. **Hess Dep. pp. 20:8-20**.

Unified Personnel/HR Policies

34. Goode Partners principal Joe Ferreira actively involved himself in Forman Mills' personnel decisions, including compensation decisions. See, e.g., **Ex. 12, FM-006214; Oddi Dep. pp. 135:19-20**.

35. Joe Ferreira participated in developing forecasts of Forman Mill's business to submit to the Board of Directors for their approval. (**Ex 11, FM-005795**; email authenticated by Kevin Hess: **Hess Dep., pp. 78:12-25; pp. 79:1-16**).

36. Mr. Ferreira's involvement in Forman Mills was more hands on in the first and second quarter of 2023 (i.e., the time period immediately leading up to the mass layoff) than it was during prior time-periods. (**Hess Dep., pp. 26:10-17**). Mr. Oddi was more involved in Forman Mills Inc. than Mr. Ferreira during the second quarter of 2023. (**Hess. Dep. pp. 42:17-25; pp.43:1-3**).

37. Kevin Hess testified that there would be special conference calls between Forman Mills Inc.'s management team and Goode Partners when Forman Mills needed a decision to be made before the next board meeting. (**Hess Dep. pp. 35:11-25; pp. 36:1-11**).

38. Joe Ferreira worked with Kevin Hess on cash flow projections in May of 2023. (**Ex. 12, FM-006214**, email not disputed by David Oddi (**Oddi Dep., pp. 134:16-25; pp. 135:1-22**)).

39. Joe Ferreira worked with Kevin Hess and Mike Kvitko on solvency issues with Forman Mills' operations, including those relating to labor expenses. (**Ex. 13, FM-005904 to FM-005906**; email referencing cuts in staffing, expenses, and capital spending. Email not disputed by David Oddi (**Oddi Dep., pp. 147:16-25; pp. 148:1-15**)). See also **Ex. 12, FM-006214 (**on May 11, 2023, Joe Ferreira, a principal of Goode, "scrambl[ed] to make payroll this week" for FM.).

Dependency of Operations

40. After January 2021, Goode Consumer Fund III LP and potentially members of Goode Heavyweight Coinvest LLC made infusions of capital into Forman Mills to improve its liquidity position. **Oddi Dep. pp. 70:5-25, pp. 71:1-13**.

41. Oddi was also signatory on a 2016 Deposit Account Control Agreement between Forman Mills and Encina Business Credit LLC, signing on behalf of Goode Partners Consumer Fund III. **Oddi Dep. pp. 55-62** (referring to **Ex. 14, FM-005342 to FM-005352**). See also **Ex. 13, FM-005904 to FM-005906** (Joe Ferreira discussing Forman Mills' cashflow, lending, and budgeting).

42. As soon as Goode refused to continue committing capital and Monroe declared default, on May 11, 2023, Joe Ferreira, a principal of Goode, "scrambl[ed] to make payroll this week" for FM. See **Ex. 12, FM-006214.**

Tobias Keller

43. Prior to May 23, 2023, Forman Mills had a board of directors, with David Oddi a partner of Defendant Goode Partners LLC, serving as board member. **Ex. 15, FM-003048**

44. In May of 2023, David Oddi, a partner of Defendant Goode Partners LLC, arranged for Tobias Keller to serve as the sole independent director of Forman Mills. **Oddi Dep., p. 156, ln. 8-17.**

45. On May 24, 2023, Forman Mills' board of directors was replaced by a single individual, Tobias Keller. **Oddi Dep., p. 150, ln. 4-22; p. 12-14; Ex. 16 KELLER-00483-00486.**

46. An independent director agreement was executed between Forman Mills and Tobias Keller, dated May 24, 2023. **Ex. 17 KELLER-00471-00478.**

47. Tobias Keller emailed several people, including David Oddi, on May 23, 2023, stating that, "…the various WARN statutes, including most notably the New Jersey version, create a meaningful risk of personal liability to directors." **Ex. 18 KELLER-00531.**

48. On May 24, 2023, an indemnification agreement was entered into between Tobias Keller and Goode Partners Consumer Fund III LP, indemnifying Keller from all WARN liabilities. **Ex. 19 KELLER-00798-00805.**

49. Prior to the execution of the indemnification agreement, David Oddi emailed Keller, stating, "I'd like to limit the indemnity strictly to WARN liabilities as you should be otherwise covered under the D&O policy. Let me know if that works for you." **Ex. 20 KELLER-00530.**

50. David Oddi was the signatory to the Keller indemnification agreement, signing as a member of Goode Investors III, LP. **Ex. 19 KELLER-00805.**

51. Tobias Keller testified that he was "certainly part of the process" behind the decision to terminate the class members. **Keller Dep., p. 53, ln. 6-11.**

52. On June 5, 2023, Defendant Keller sent an email to Defendant Goode Partners LLC, telling them, "…we need to commence the RIF." **(Ex. 21 GOODE-ESI-00735).**

53. **Ex. 2** is a true and correct copy of a native Excel file named "Salary Data on RIF 6.23(132490592.1).xlsx" containing 2020-2022 compensation data ("2022 RIF Data"). This file was produced in discovery by Forman Mills' counsel on November 6, 2025. The 2022 RIF Data contains complete and accurate data concerning all Class Members affected by the June 2023 mass layoff, as well as their gross wages and benefits paid by Forman Mills for the entirety of 2020, 2021 and 2022, and dates of hire. However, neither **Ex. 2**, nor any other document produced by Defendants in discovery contains 2020 or 2021 health benefits paid by Forman Mills, and thus 2022 total compensation is used for damages calculations. See also **Ex. 1, Goodley Decl. ¶¶ 3-5.**

54. **Ex. 3** is a true and correct copy of a native Excel file named "RIFS.xlsx" containing 2023 compensation data ("2023 RIF Data"). This file was produced in discovery by Forman Mills' counsel on November 6, 2025. The 2023 RIF Data includes complete and accurate annual salary data for Class Members, but does not include employer-paid benefits. See also **Ex. 1, Goodley Decl. ¶¶ 3-4.**

55. **Ex. 4**, Plaintiffs' Damages Spreadsheet, reflects accurate calculations[3] of Defendants' liability under FedWARN and NJ WARN, assuming liability can be established:

---

[3] The WARN notice penalty backpay is calculated at higher of: the average regular rate of the last 3 years or the final regular rate, plus employer-paid health/retirement benefits. See 29 U.S.C. § 2104(a)(1); N.J.S.A. § 34:21-2(b). However, given the lack of data of 2020 or 2021 health benefits paid by Forman Mills, the 2022 total compensation is used for damages calculations, except for those who began their employment in 2022 or later. **Goodley Decl. ¶¶ 3-5**.

a. **Fed WARN Notice Penalty** (Col. AK) = Total yearly compensation (Col. AJ = higher of: {Y + AC+ AF} and AH) times 60 divided by 261 (the number of weekdays in a year) = **$2,227,404.10;**

b. **Fed WARN Prejudgment Interest** (Col. AL) at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$682,134.88;**

c. **NJ WARN Notice Penalty** (Col. AO) = Total yearly compensation (Col. AJ) times 4 divided by 52 (the number of weeks in a year) = **$745,323.68**;

d. **NJ WARN Prejudgment Interest** (Col. AP) at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$228,252.82**.

e. **NJ WARN Severance** (Col. AU) = Total yearly compensation (Col. AJ) times Years of Service (Col. AS) divided by 52 (the number of weeks in a year) = **$1,313,856.13**;

f. **NJ WARN Prejudgment Interest** (Col. AV) at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$402,363.94**.

See also **Ex. 1, Goodley Decl. ¶¶ 3-4.**

Dated: October 30, 2026

Respectfully Submitted,

by: /s/ James E. Goodley

James E. Goodley
Ryan P. McCarthy
**GOODLEY McCARTHY LLC**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

***Morgan Rooks, P.C.***
Franklin J. Rooks, Jr., Esquire

NJ Attorney ID: 023802010
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com

*Counsel for Plaintiffs and the Class*