# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **NOELL DEL ROSSI, *et al.*, individually and on behalf of all similarly-situated individuals,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**FORMAN MILLS, INC., *et al.***<br><br>***Defendants.*** | : | **Case No.: 1:23-cv-03136-CPO-AMD**<br><br>**CLASS ACTION** |

**DECLARATION OF JAMES E. GOODLEY, ESQUIRE**

I, James E. Goodley, Esq., declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following facts are true and correct:

1. My name is James E. Goodley. I have personal knowledge of the facts stated herein, which are all true and correct.

2. I offer my testimony in support of Plaintiffs' Motion for Summary Judgment (the "Motion"), in order to authenticate various documents produced by Defendants in discovery and to explain our firm's arithmetic damage calculations based on payroll data produced by Defendant Forman Mills, Inc.

3. Attached hereto as **Ex. 2** is an Excel file named "Salary Data on RIF 6.23(132490592.1).xlsx" containing 2020-2022 compensation data ("2022 RIF Data"). However, neither **Ex. 2**, nor any other document produced by Defendants in discovery contains 2020 or 2021 health benefits paid by Forman Mills, and thus 2022 total compensation is used for damages calculations. Attached hereto as **Ex. 3** is an Excel file named "RIFS.xlsx" containing 2023 compensation data ("2023 RIF Data"). Both files were produced to my office on November 6, 2025 by Anthony Mingione, Esq., Attorney for Defendant Forman Mills, Inc. This

file is being filed herewith in both pdf and native formats (with personal identifiers redacted and filed under seal in accordance with L. Civ. R. 5.3).

4. As is evident, as to the 89 putative Class Members (including Plaintiffs DelRossi and Barber), the 2022 RIF Data contains 2022: Gross Income (Col. Y), Employer-Provided Health Benefits (Col. AC) and Employer 401(k) Match (Col. AF). The 2023 RIF Data contains 2023 Annual Salary data (Col. J).

5. Our office performed rudimentary arithmetic damage calculations under Fed WARN and NJ WARN based on the 2022 RIF Data and the 2023 RIF Data. The damage calculations are attached hereto as **Ex. 4** ("Damages Spreadsheet"). The 2022 RIF Data is replicated in Columns A-AF of the Damages Spreadsheet, while the 2023 RIF Data Annual Salary is replicated in Column AH, and our calculations are reflected in Columns AJ through AV. All rows indicated in red type reflect those 17 Class Members who were hired after Jan. 1, 2022, for which there is not a full year of compensation data. For those 17 Class Members, the higher of the total 2022 compensation (wages and benefits) or the 2023 annual salary were utilized as those individuals' compensation for WARN damages calculation purposes. **Because 2020 and 2021 health benefits paid by Forman Mills were not provided**, Plaintiffs use **2022 total compensation** (rather than the average of the last three years), except for those 17 Class Members who began their employment in 2022 or later. See 29 U.S.C. § 2104(a)(1) (notice penalty backpay calculated at higher of: the average regular rate of the last three year or the final regular rate, plus employer-paid health/retirement benefits); N.J.S.A. § 34:21-2(b) (same).

6. Under Fed WARN, in the Third Circuit, a notice penalty for employer's failure to provide 60-day advance notice of a covered mass layoff is equal to 60 times a working day's compensation (as opposed to a 60-day period of lost earnings). *See United Steelworkers of Am.*

*v. North Star Steel Co.*, 5 F.3d 39, 42 (3d Cir. 1993). Fed WARN liability is calculated as follows:

a. **Notice penalty (Col. AK)** = Total yearly compensation (Col. AJ = higher of: {Y + AC+ AF} and AH) times 60 divided by 261 (the number of weekdays in a year) = **$2,227,404.10;**

b. **Prejudgment Interest (Col. AL)** at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$682,134.88.**

7. Under NJ WARN, the notice penalty for failing to provide a 90-day advance notice of a covered employment loss is equal to four weeks of employee compensation. N.J.S.A. 34:21-2(b). NJ WARN notice penalty liability is calculated as follows:

a. **Notice penalty (Col. AO)** = Total yearly compensation (Col. AJ) times 4 divided by 52 (the number of weeks in a year) = **$745,323.68;**

b. **Prejudgment Interest (Col. AP)** at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$228,252.82**.

8. Regardless of whether timely advance notice was provided, NJ WARN separately provides an employee who suffered from a covered employment loss, an entitlement to severance pay equal to one week of compensation per year of service for the employer. N.J.S.A. 34:21-2(b). NJ WARN severance liability is calculated as follows:

a. **Severance (Col. AU)** = Total yearly compensation (Col. AJ) times Years of Service (Col. AS) divided by 52 (the number of weeks in a year) = **$1,313,856.13;**

b. **Prejudgment Interest (Col. AV)** at 9% (from layoff date 6/6/2023 through 10/30/2026) = **$402,363.94.**

9. Assuming the Court finds a particular Defendant violated both Fed WARN and NJ WARN, Plaintiffs and Class Members[1] would be entitled to the higher notice penalty (i.e., the Fed WARN liability) plus the NJ WARN severance liability, as these components of damages are cumulative rather than duplicative.

10. Attached as **Ex. 5** to this declaration is a true and correct copy of The New Jersey Senate Commerce Committee Statement to Senate Bill 3170 (the NJ WARN Act amendments at issue in this case).

11. Attached are the following transcripts from depositions taken in discovery:

a. **Ex. 6**, transcript of David Oddi's 12/23/2025 deposition.

b. **Ex. 7**, transcript of Kevin Hess's 1/30/2026 deposition.

c. **Ex. 8**, transcript of Tobias Keller's 4/14/2026 deposition.

12. Attached are the following exhibits produced by Defendants in discovery:

a. **Ex. 9, FM-006267-006275**, Independent Director Agreement. Produced by Forman Mills.

b. **Ex. 10, FM-003128-003129,** 5/24/2023 Action by Unanimous Written Consent of the Members. Produced by Forman Mills.

c. **Ex. 11, FM-005795,** 2/6/2023 email from Joe Ferreira (Goode Partners). Produced by Forman Mills.

d. **Ex. 12, FM-006214,** 5/11/2023 email from Joe Ferreira (Goode Partners). Produced by Forman Mills.

e. **Ex. 13, FM-005904-005906**, 2/19/2023 email from Joe Ferreira (Goode

[1] The Damages Spreadsheet assumes that Plaintiffs' Motion for Class Certification, ECF No. 139, is granted.

Partners). Produced by Forman Mills.

f. **Ex. 14, FM-005342-005352**, CIT Deposit Account Control Agreement. Produced by Forman Mills.

g. **Ex. 15, FM-003048,** Entity structure information. Produced by Forman Mills.

h. **Ex. 16, KELLER-00483-00486,** Action by Written Consent of the Sole Shareholder and Action by Unanimous Written Consent of the Members. Produced by Tobias Keller.

i. **Ex. 17, KELLER-00471-00478,** Independent Director Agreement. Produced by Tobias Keller.

j. **Ex. 18, KELLER-00531**, 5/23/2023 email from Tobias Keller (Visitacion Group). Produced by Tobias Keller.

k. **Ex. 19, KELLER-00798-00805**, 5/24/2023 Indemnification Agreement. Produced by Tobias Keller.

l. **Ex. 20, KELLER-00530**, 5/24/2023 email from David Oddi. Produced by Tobias Keller.

m. **Ex. 21, GOODE-ESI-00735**, 6/5/2023 email from Tobias Keller. Produced by Goode Defendants.

**I HEREBY DECLARE, UNDER PENALTY OF PERJURY AND PURSUANT TO 28 U.S.C. § 1746 THAT THE ABOVE FACTS ARE TRUE AND CORRECT.**

October 30, 2026
DATE

/s/ James E. Goodley
JAMES E. GOODLEY