# EXHIBIT 5

SENATE COMMERCE COMMITTEE

STATEMENT TO

# SENATE, No. 3170

with committee amendments

# STATE OF NEW JERSEY

DATED: FEBRUARY 7, 2019

The Senate Commerce Committee reports favorably and with committee amendments Senate Bill No. 3170.

As amended, this bill increases the minimum number of days that covered employers must give to employees of a covered plant closing, transfer, or mass layoff from 60 days to 90 days, and makes the law's requirement to provide severance pay apply whether or not the employer provides the required notice. The bill provides that the severance is regarded as compensation due to an employee for back pay, and earned in full upon the termination of the employment relationship.

The bill revises the definition of "establishment" to include a greater number of employers across the State under the "Millville Dallas Airmotive Plant Job Loss Notification Act" (hereinafter, "the act"). The bill provides that the act applies to any reduction in workforce which is not the result of a transfer or termination of operations and which results in the termination of employment at an establishment during any 30-day period for 50 or more of the full or part-time employees at or reporting to the establishment.

The bill provides that if an employer provides any employee with less than 90 days of notification before termination of employment, the employer must provide that employee with an additional four weeks of pay.

The bill expands the definition of employers that are subject to the act to include a person or entity that makes a decision responsible for the employment action that gives rise to a mass layoff subject to notification.

The bill provides that waiver of the right to severance provided pursuant to the bill is only effective with approval of the waiver by the commissioner or a court of competent jurisdiction.

The bill also provides certain other employment protections for employees of employers that employ 50 or more employees seeking a material change in ownership of an employer or any filing seeking bankruptcy protection.

Pursuant to those provisions of the bill, "change of control" means any material change in ownership of an employer or any filing seeking bankruptcy protection.

The employment protections apply to employees who have been employed by an employer for at least 90 days immediately before a change of control affecting that individual's principal place of employment. A change of control affects a covered employee's principal place of employment if the change of control results in the predecessor employer transferring control of the place of employment to the successor employer.

Under the bill, "covered employee" does not include managerial, supervisory, or confidential employees; temporary employees; or certain part-time employees.

"Transition period" means a period of 180 days immediately following the effective date of a change of control.

The bill requires a successor employer to retain all covered employees for at least a period of 180 days immediately following the effective date of a change of control, unless the commissioner approves a reduction in the workforce. During the transition period, the successor employer may not reduce the total compensation of a covered employee or terminate a covered employee without cause.

The bill requires, no later than 15 days before the effective date of a change of control, the predecessor employer to post public notice of the change of control at each principal place of employment of any covered employee.

The bill requires, no later than 15 days before the effective date of a change of control, a predecessor employer to provide to the successor employer the name, address, date of hire, total compensation, and classification of each covered employee.

The bill requires a successor employer to retain the following written or electronic records for at least three years:

(1) The list provided to the successor employer pursuant to subsection e. of this section;

(2) Any offer of employment made to a covered employee;

(3) Any termination of a covered employee during a transition period, including the reasons for the termination; and

(4) Any written evaluation of a covered employee.

Under the bill, for two years after the transition period, a successor employer may reduce the total number of employees who would have qualified as covered employees during the 90-day period immediately before a change of control only if approved by the commissioner. The commissioner may not authorize a successor employer to reduce the number of those employees except on a showing by a preponderance of the evidence that the employer has conducted a study of the nature and scope of the work performed by those employees proposed to be eliminated and the study shows that the elimination of the employees is necessary for the continued solvency of the business.

<u>COMMITTEE AMENDMENTS:</u>

The committee amended the bill to:

(1) Revise the definition of “establishment” to include a greater number of employers across the State under the "Millville Dallas Airmotive Plant Job Loss Notification Act" (hereinafter, “the act”).

(2) Provide that the act applies to any reduction in workforce which is not the result of a transfer or termination of operations and which results in the termination of employment at an establishment during any 30-day period for 50 or more of the full or part-time employees at or reporting to the establishment.

(3) Provide that if an employer provides any employee with less than the number of days of notification required pursuant to the bill, the employer shall provide that employee with an additional four weeks of pay.

(4) Expand the definition of employers that are subject to the act to include a person or entity that makes a decision responsible for the employment action that gives rise to a mass layoff subject to notification.

(5) Provide that waiver of the right to severance provided pursuant to the bill is only effective with approval of the waiver by the commissioner or a court of competent jurisdiction.

(6) Provide that, during a period of 180 days immediately following the effective date of a material change in ownership of an employer or any filing seeking bankruptcy protection, a successor employer must retain, and not reduce the total compensation of, certain employees, unless the commissioner approves a reduction in the workforce. During the 180-day transition period, a successor employer may not terminate a covered employee without cause.

(7) Provide that, no later than 15 days before the effective date of a material change in ownership of an employer or any filing seeking bankruptcy protection, the predecessor employer must post public notice of the change of control at each principal place of employment of any covered employee.

(8) Provide certain other employment protections for employees of employers seeking a material change in ownership of an employer or any filing seeking bankruptcy protection.