# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOELL DEL ROSSI, et. al.,<br>Plaintiffs,<br>v.<br>FORMAN MILLS, INC.;<br>GOODE PARTNERS LLC;<br>GOODE FORMAN HOLDINGS LLC;<br>and GOODE HEAVYWEIGHT CO-INVEST LLC,<br>Defendants. | Civil Action No. 2:23-cv-03136-CPO-AMD |

**PLAINTIFF DEL ROSSI'S RESPONSES TO GOODE DEFENDANTS' FIRST SET OF INTERROGATORIES AND DOCUMENT PRODUCTION REQUESTS**

INTERROGATORIES

1. Please identify each employer you have had since January 1, 2023 to the present. For each employer listed, please list the dates you were/are employed and the job title(s) you had.

**ANSWER: Forman Mills: Merchandise Assistant, promoted to Assistant Buyer 9/13/2021-8/8/2024. eLocal: Customer Success Specialist 8/12/24 - Present.**

2. Please describe all efforts that you took to mitigate your alleged damages in this case.

**ANSWER: Objection. Mitigation efforts are inapplicable. This is not a wrongful termination claim.**

3. Please identify all amounts paid to you (whether as wages, severance, bonus, or otherwise) by Forman Mills from January 1, 2023 through to the present.

**ANSWER: Objection. Plaintiff is no longer employed by Forman Mills and all relevant payroll information is within Forman Mill's possession and control.**

4. Please identify the names of all Class Members with whom you have discussed this lawsuit, the claims that you planned to file in this lawsuit, or the claims that you asserted in this lawsuit. For each person identified, please identify the dates of your communications.

**ANSWER: Plaintiff cannot recall the dates in which she had any communications except that said communications occurred after June 6, 2023. See document production.**

5. If you do not currently work for Forman Mills, please explain why (voluntary resignation; involuntary termination; etc.) and state the last date that you performed work for Forman Mills (and the date your employment ended, if different than the last day of work).

**ANSWER: Voluntary resignation. Last day of employment 8/8/2024.**

6. Do you have any knowledge or awareness of any steps taken by Forman Mills executives, officers, or employees to obtain financing, sell company assets, or take other action to avoid or prevent the reduction in force that occurred on June 6, 2023? If yes, please explain what you know or are aware of. If not, please state that you have no such knowledge/awareness.

**ANSWER: No such knowledge/awareness.**

7. When was the last date/time you visited the Forman Mills location in Pennsauken where you worked?

**ANSWER: Objection. Plaintiff did not "visit" Forman Mills location in Pennsauken. She reported to work. Her last date of employment was 8/8/2024.**

8. What is the amount of wages or severance pay that you believe you are owed as a result of the reduction-in-force occurring on June 6, 2023?

**ANSWER: Plaintiff refers to the damage calculation spreadsheet produced by her attorneys.**

9. At paragraphs 44, 51, 53, 54, 58, 60 in the Second Amended Complaint, you made various allegations "upon information and belief." Please identify the facts, information, and/or beliefs that you had, as of July 10, 2024, to support of each of the allegations made in paragraphs 44, 51, 53, 54, 58, and 60.

**ANSWER: Plaintiff was generally aware that Goode Partners had an ownership interest in Forman Mills and heard that Goode Partners was involved in managing Forman Mills.**

10. Please identify the factual basis on which you allege, in paragraph 61(c) of the Second Amended Complaint, that Forman Mills, Inc. and "the Goode Defendants were a single employer and an integrated enterprise."

**ANSWER: Forman Mills and Goode Partners, LLC acted as a single employer. Goode Partners purchased Forman Mills from the original owner Rick Forman.**

<u>DOCUMENT PRODUCTION REQUESTS</u>

1. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and Dawn Barber from on or after January 1, 2023 through and including June 6, 2023.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, see**



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

**Plaintiff's document production.**

2. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and Dawn Barber from on or after June 7, 2023 to present, excluding any communications that included your attorneys in this action and no other parties.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, see Plaintiff's document production.**

3. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and any Class Member from on or after January 1, 2023 through and including June 6, 2023.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, none.**

4. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) between you and any Class Member from on or after June 7, 2023 to the present.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, see Plaintiff's document production.**

5. Please produce all pay stubs that you received from Forman Mills in 2023.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. Without waiving the foregoing objection, see Plaintiff's document production.**

6. Please produce any W-2 forms that you received from Forman Mills since 2021.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter.**

7. Please produce documents constituting all communications (including emails, text messages, WhatsApp, Facebook Messenger, other social media messages, etc.) that you had with any person related to efforts you made to find employment on or after June 1, 2023 to present.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. This is not a wrongful termination matter and there is no duty to mitigate.**



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

8. Please produce documents constituting all employer offers that you received, from any employer or source, starting on or after June 1, 2023 to present.

**ANSWER: Objection. Plaintiff objects to this Request on the grounds that it is irrelevant to the claims or defenses in this matter. This is not a wrongful termination matter and there is no duty to mitigate.**

9. Please produce any and all documents or communications that you received from Goode Partners LLC. If you have no responsive documents, please so state.

**ANSWER: Plaintiff is not in possession of any responsive documents.**

10. Please produce any and all documents or communications that you received from Goode Forman Holdings LLC. If you have no responsive documents, please so state.

**ANSWER: Plaintiff is not in possession of any responsive documents.**

11. Please produce any and all documents or communications that you received from Goode Heavyweight Co-Invest LLC. If you have no responsive documents, please so state.

**ANSWER: Plaintiff is not in possession of any responsive documents.**

12. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 54 of the Second Amended Complaint that "on a quarterly basis, Defendant FM's board of directors met at Defendant Goode's headquarters in New York City."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

13. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 56 of the Second Amended Complaint that "[t]he board of directors, including Mr. Bonoff, functioned to approve or deny significant operational decisions that Defendant FM faced."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

14. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 57 of the Second Amended Complaint that "Mass layoffs, such as the terminating the employment of more than 50 employees at Defendant FM's headquarters was a significant decision which required the approval of the Goode Defendants."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

15. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 58 of the Second Amended Complaint that "the decision to terminate the employment of more than 50 employees at Defendant FM's headquarters could not have been



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

made without Defendant Goode's approval."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

16. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 59 of the Second Amended Complaint that "[a]t all relevant times, Defendant [Forman Mills, Inc.] was under the control of Defendant Goode, Defendant GFH, Defendant SWFM, Defendant GHC, and Defendant FMH."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

17. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 60 of the Second Amended Complaint that "the decision to terminate the employment of more than 50 employees at Defendant FM's headquarters could not have been made without Defendant Goode's approval."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

18. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 61 of the Second Amended Complaint that Forman Mills, Inc. and "the Goode Defendants" were "functionally integrated in that they used the same or similar facilities."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

19. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 61 of the Second Amended Complaint that Forman Mills, Inc. and "the Goode Defendants" were "functionally integrated in that they used the same or similar facilities….bank accounts, equipment, tools, and labor relations personnel."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

20. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 61 of the Second Amended Complaint that "integrated labor relations personnel were responsible for the mass termination at issue in this case."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

21. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 62 of the Second Amended Complaint that Forman Mills, Inc. and "the Goode Defendants were under common ownership and financial control."



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

22. Please produce any and all documents in your possession as of July 10, 2024 that support your allegation in paragraph 63 of the Second Amended Complaint that Forman Mills, Inc. and "the Goode Defendants were a single employer and an integrated enterprise."

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

23. Please produce any and all documents that refute, contradict, or otherwise relate to your allegations in paragraphs 54, 56, 57, 58, 59, 60, 61, 62, and/or 63 of the Second Amended Complaint, if not produced in response to other requests.

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

24. Please produce any and all documents that support your allegations in paragraphs 54, 56, 57, 58, 59, 60, 61, 62, and/or 63 of the Second Amended Complaint that came into your custody, possession, or control after July 10, 2024, if not produced in response to other requests.

**ANSWER: Plaintiff is not in possession of any documents that are responsive to this Request other than Defendant Forman Mills' production, which may be responsive.**

As to objections:

By: /s Franklin J. Rooks Jr.
Franklin J. Rooks Jr., Esq.



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

**VERIFICATION**

I, Noell Del Rossi, based on reasonable inquiry, that the foregoing answers to Goode Defendant's First Set of Interrogatories Directed to Plaintiff are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Noell Del Rossi

SIGNATURE

01 / 03 / 2025

DATE



Doc ID: 00b6a33a082883c68186e6c685e1394d7388162b

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Hello |
| **File name** | Pl_Del_Rossi%27s_...e_%28FINAL%29.pdf |
| **Document ID** | 00b6a33a082883c68186e6c685e1394d7388162b |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested on morganrookspc.cliogrow.com and signed on morganrookspc.cliogrow.com**

## Document History

| | | |
|---|---|---|
| SENT | **01 / 03 / 2025**<br>08:49:00 UTC-5 | Sent for signature to Noell Del Rossi (noelldelrossi1@gmail.com) from jscarduzio@morganrooks.com<br>IP: 162.17.247.17 |
| VIEWED | **01 / 03 / 2025**<br>08:54:26 UTC-5 | Viewed by Noell Del Rossi (noelldelrossi1@gmail.com)<br>IP: 73.248.241.77 |
| SIGNED | **01 / 03 / 2025**<br>09:28:30 UTC-5 | Signed by Noell Del Rossi (noelldelrossi1@gmail.com)<br>IP: 73.248.241.77 |
| COMPLETED | **01 / 03 / 2025**<br>09:28:30 UTC-5 | The document has been completed. |